## Henry D. Bassett v. Gilbert Hathaway and others.

Where a bill is filed to restrain the foreclosure of a mortgage, which is claimed to have been discharged, the defendant claiming to own the mortgage cannot be called as a witness by the other defendants, since there can be no part of the case in which he is not personally interested.

Nor can a defendant be called as a witness to sustain the mortgage when the effect of sustaining it would be to charge the land with the payment of his personal obligation.

Where a note accompanying a mortgage is not produced or accounted for, it must be presumed paid, as against the party setting up the mortgage.

A writing was recorded as a separate paper, which referred to "the within mortgage," but did not in any way describe or identify the mortgage. Such a record is no evidence that the writing recorded was endorsed upon any instrument not recorded with it; as that is an extrinsic fact, not within the purview of the registry laws.

*Heard July 6th. Decided November 14th.*

Appeal in Chancery from St. Clair Circuit. The case is sufficiently stated in the opinion.

*Holbrook & Bishop,* for complainant.

*Eldredge & Hubbard,* for defendant G. Hathaway.

CAMPBELL J.:

The bill in this case was filed to restrain the foreclosure of a mortgage, given by the defendant, Ralph Sackett, to the defendant, Gilbert Hathaway, February 27, 1854, to secure the payment, with interest, of three notes of $600 each, payable in one, two and three years from date; or to redeem should the mortgage be established. Bassett is owner of the fee, and the state of the title is as follows: On February 27, 1854, the title of record to two-thirds of the property was in Gilbert Hathaway, who also held a mortgage on the remainder, from William Jenny and Edwin Jenny. On that day, the two Jennys gave a warranty deed of the whole to Ralph Sackett, who executed on the same day, to Gilbert Hathaway, the mortgage above referred to. March 15, 1854, Gilbert Hathaway conveyed and released to Ralph Sackett, all his

"right, title, interest, claim and demand, both at law and in equity, whether by deed, mortgage or otherwise, and as well in possession as in expectancy," to the premises, reserving certain rights in a railroad for a period of three years.

June 2, 1855, an agreement was made between Ralph Sackett and Gilbert Hathaway, which was acknowledged, and recorded by itself, June 7, 1855, and is as follows:

"This memorandum, made this second day of June, A. D. 1855, between Gilbert Hathaway and Ralph Sackett, the parties to the within mortgage, witnesseth; that whereas the said Hathaway released and conveyed to said Sackett his title to the within premises, except always reserving the privilege of transporting on and over the railroad any kind of lumber, material, &c., and to secure a part of the purchase money the said Sackett executed his notes and the within mortgage; and whereas the said notes and the within mortgage are still in full force, and remaining wholly unpaid; and whereas, for the convenience and at the request of said Sackett, said Hathaway has agreed to extend the time for the payment of said notes and mortgage, as hereinafter stated:

Now, therefore, the said Sackett hereby confirms the said mortgage to the said Hathaway and his heirs and assigns forever.

And the said Hathaway, on his part, extends the time for the payment of the sums secured by said notes and mortgage, as follows: The note falling due February 27, 1855, for six hundred dollars and interest, is hereby extended to July (15) fifteen, 1855, and the other two notes of six hundred dollars each and interest, are to be paid as stated in the within mortgage.

In witness whereof the said parties have hereunto affixed their hands and seals.

Gilbert Hathaway, [Seal.]
Ralph Sackett.    [Seal.]"

July 19, 1855, Ralph Sackett conveyed the premises to, William M. Campbell, by quit claim deed, which was recorded December 11, 1855. December 12, 1855, Gilbert Hathaway filed his bill against Ralph Sackett to foreclose the mortgage of February 27, 1854. No one else was made a party, and no notice of lis pendens is proven. In September, 1856, Bassett purchased from Campbell. There is no proof of notice to him of any thing connected with the title, except so far as the records operated as notice.

The defense claimed is, that the release or conveyance from Hathaway to Ralph Sackett was a mistake, and was designed to operate only to release the mortgage against the Jennys, which is expressly referred to in it; and that by the agreement of June, 1855, Sackett reinstated the original mortgage to remedy the mistake.

There can be no doubt that the conveyance, from Gilbert Hathaway to Sackett, discharged the mortgage. And the questions in this case may therefore be narrowed down to the inquiry: *First*, whether it was broader than intended; *Second*, whether the agreement of June, 1855, restored the mortgage or intended to do so; and *Third*, whether Bassett is affected with notice of such intent.

This renders it necessary to examine into the admissibility of the evidence of Gilbert Hathaway and Ralph Sackett, two of the defendants, who were examined, under objection, as not interested in the matters concerning which they testify.

Gilbert Hathaway is the principal defendant, who claims to own the mortgage in controversy. There is no part of the case in which he is not interested, and his evidence is clearly incompetent.

Ralph Sackett conveyed the premises by deed without covenants. The object of his testimony is to subject the land to the payment of his personal liabilities. His interest is equally manifest, and his evidence must also be excluded.

After throwing out the depositions of Gilbert Hathaway and Ralph Sackett, as the defendants have not examined the Jennys, or any other witnesses, we are left entirely without evidence concerning the circumstances attending the transactions of February and March, 1854. We are therefore remitted to the other facts in the case, and are called upon to consider the agreement of June, 1855, whereby it is claimed the mortgage to Gilbert Hathaway was renewed, and remains yet in force.

To make such a renewal effectual, it was requisite, *First*, that Gilbert Hathaway should then own the securities; and *Second*, that the agreement should properly refer to and identify them; and *Third*, that he still owns them, and that they are unpaid.

It was held in *Bailey v. Gould, Walk. Ch.* 478, that unless the note accompanying a mortgage is produced or accounted for, it must be presumed paid as against the party setting up the mortgage. This is in accordance with well settled principles. In the case now before us, the notes are not produced, and we are entirely without evidence either of their existence or ownership at the present time, or when the agreement was made between Sackett and Hathaway, in June, 1855.

The agreement purports to be endorsed on a mortgage. But as the mortgage is not produced, we have no evidence that it was endorsed on the mortgage of February 27, 1855, or on any mortgage at all. The registry is not connected in any way with that of the mortgage, and does not refer to it, and is precisely the same as it would be if the agreement were upon a separate paper. We have no right to infer from a record what is not necessarily to be drawn from it. The record of an instrument entitled by law to be recorded, is *prima facie* evidence of its execution, but is not *prima facie* evidence that it is endorsed upon any instrument not recorded with it; for that is an extrinsic fact which is not within the purview of the

registry laws. Whether such an instrument as this agreement is entitled to record at all, as a lien or conveyance, is a question we do not deem it necessary to discuss. Had the original mortgage been produced with this agreement upon it, and had they been recorded together, the question of the effect of such registry as notice would become important.

The defense set up must fail as entirely unsupported by proof. The decree below must be reversed, with costs, and a decree must be entered in favor of the complainant, perpetually enjoining defendants from proceeding to enforce the mortgage securities, in accordance with the prayer of the bill.

The other Justices concurred.