E. MARY GREGORY, PLAINTIFF IN ERROR, v. ANDREW C. LANGDON, DEFENDANT IN ERROR.

Evidence: OBJECTIONS TO DEED. On the trial L. offered in evidence a deed executed by the N. S. Company to G. B. H., which was objected to by G. as "irrelevant, immaterial, and incompetent." *Held*, That such objection was too general to reach defects in the form, execution, or acknowledgment of such deed.

ACTION *quia timet* brought by defendant in error in the district court of Seward county. Trial there before POST, J., resulted in favor of plaintiff, and defendant Gregory brought cause here on a petition in error.

*John S. Gregory,* for plaintiff in error.

*Norval Brothers, L. C. Burr,* and *J. R. Webster,* for defendant in error.

COBB, J.

The plaintiff in error makes four points in her petition in error, as follows:

1. The judgment is contrary to law.

2. The court found for plaintiff when it ought to have found for the defendant Gregory, according to the law and the facts in the case.

3. The court erred in admitting the evidence objected to in said trial by the said defendant.

4. The finding of the court is contrary to equity and the weight of evidence in the case.

I will consider the third point first, as the other three may be considered together.

The plaintiff, in his petition, first sets up ownership of the lands in question by virtue of a deed of conveyance from Milton Langdon and wife to himself, and tracing back the title by virtue of several deeds of conveyance through George B. Hardenbergh, the Nebraska Salt Company, H. Willett Linderman, and Henry Tinnell to the United States. He then also sets up title to the said lands by virtue of ten years adverse possession.

Upon the trial the plaintiff offered the record of a deed from the Nebraska Salt Co. to George B. Har-

denbergh, to the introduction of which the defendant, plaintiff in error, objected, as immaterial, irrelevant, and incompetent, which objection was overruled and the record admitted.

The deed was not immaterial or irrelevant, as the evidence of such conveyance was absolutely necessary to complete the chain of title set up by the plaintiff in his petition, and a deed of conveyance from the Nebraska Salt Company certainly was competent so far as it went to establish the said chain of title. But it appears now from the brief of the plaintiff in error, her objection to said deed was to its form, the manner of its execution and acknowledgment, etc. The objection made at the trial as shown by the bill of exceptions was too general. The attention of the trial court should have been specifically directed to these points, otherwise this court would not be warranted in reversing a judgment on their account, however much we might be inclined to agree with the plaintiff in error in her views upon these defects in the deed, now that they are pointed out to us.

But were we at liberty to consider the defects in form, execution, and acknowledgment of the deed, and were we to find such defects fatal to its admissibility as evidence, even then the error complained of would, as we shall see, have been error without prejudice. The plaintiff, in his petition, claimed upon two titles, and if he can establish either one of them it will be sufficient. *Enders v. Sternbergh*, 2 Abb. Ct. App., Dec. 31. But I will examine the other three points, which may be considered together.

As before stated, the plaintiff sets up two titles to the premises. 1st, a paper title running back to the United States. By stipulation the plaintiff in error admitted every link in this chain except the one evidenced by the deed from the Nebraska Salt Company

to George B. Hardenbergh.    The evidence necessary to supply that link was offered and admitted over her objection to its relevancy, materiality, and competency; neither of which objections as we have seen were well taken, so that plaintiff's paper title was established.

But had the plaintiff failed to establish his paper title, his title by adverse possession was fully proved. Hardenbergh did not hold *under* the Nebraska Salt Company.    He took possession by virtue of his *alleged* deed from the company, but he held in his own right, and his possession of these premises was sufficient in every quality to entitle him to the judgment which he did receive in the court below.

It is therefore unnecessary to examine the title set up by the plaintiff in error, for whatever might be her rights as against the Nebraska Salt Company, and however regular her proceedings for their enforcement, they could avail her nothing in this case.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.