WILLIAM F. SOULE v. WILLIAM CORBLEY.

*Mortgage—Record of assignment—References by register on margin.*

A mortgage was transferred by an assignment indorsed on the back of the mortgage, which was referred to in the assignment as "the within mortgage." The assignment was properly acknowledged, and recorded in the same volume, but not on the same page, with the mortgage, and the register of deeds made cross-references in the margin of *each* record, calling attention to *each* instrument, and *clearly connecting the two records.*

*Held,* in an action of ejectment involving the validity of a fore-closure of said mortgage by the assignee by advertisement, that the assignment was *legally* recorded, and, with the cross-references, had the same *effect* as if the mortgage had been recorded with it.

Error to Montcalm. (Smith, J.) Argued February 8, 1887. Decided February 15, 1887.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*George H. Cagwin,* for appellant.

*N. J. Brown* and *George S. Steere,* for defendant.

CAMPBELL, C. J. Plaintiff brought ejectment under a title acquired in 1884 of one Michael Lane, who in 1856 held a government title, and mortgaged it to Elijah E. Worden. This mortgage was duly recorded. An assignment of it was subsequently made to Samuel Bement, and this assignment, which was on the back of the mortgage, and, instead of otherwise describing it, referred to it as "the within mortgage," was recorded in the same volume, but not on the same page, with the mortgage itself. The register, in recording it, made cross-references, calling attention on the record of the mortgage to that of the assignment, and on the assign-

ment record to the mortgage record. These references made it entirely clear that the records were connected.

This mortgage was foreclosed regularly by advertisement, and the property was sold to the assignee of the mortgage, and not redeemed. It is conceded this sale was valid, if the assignment was legally recorded. The statute does not allow a foreclosure by an assignee whose title does not appear of record.

There can be no question concerning the legal validity of the assignment itself. It was duly executed and acknowledged. It was therefore entitled to record. If the whole instrument, including the mortgage, had been recorded together, so as to show at a glance its tenor and effect, the record would certainly have been good.

The record actually made served, in fact, exactly the same purpose. By the references, the mortgage and assignment were directly connected. Both records were made by an officer authorized to make them, and responsible for his official acts. Had they not referred to each other, the record would have been without meaning. But we can see no reason why the record of the assignment may not be as conveniently made in the one shape as in the other. There is just as little danger of mistake, and the record in any case depends on the certificate of the register for some purposes, especially the date of recording, which is essential. Why his certificate or reference, identifying on the record the instruments mutually referring to each other, should not be as reliable as his other entries, is not easily to be seen. Where a mortgage is discharged, the statute contemplates precisely such a reference as was made here. How. Stat. § 5703. There is no reason for distinguishing the cases.

In *Bassett v. Hathaway*, 9 Mich. 31, the instrument recorded, in its reference to another instrument, was like the one now before us, but the record made no reference to any other record, and the original was not produced. It was

void, therefore, for uncertainty, as furnishing no means of identification. Here the records referring to each other remove all uncertainty.

This foreclosure being valid no other question becomes important.

The judgment must be affirmed.

The other Justices concurred.