WOODBRIDGE L. GEORGE, ADMINISTRATOR OF THE ESTATE
OF PHINEAS PEARL, DECEASED, V. AGNES LUDLOW.

*Promissory notes—Presumption of payment—Foreclosure of mortgage—Production of securities.*

1. The law does not presume the non-payment of a note at maturity, but its payment, unless the note is produced, or other evidence repelling such presumption of payment when the note cannot be produced. *Bailey v. Gould,* Walk. Ch. 478 ; *Bassett v. Hathaway,* 9 Mich. 28.

2. A decree will not be made on the foreclosure of a mortgage without the production of the securities, unless their absence is accounted for by clear and conclusive proof. *Young v. McKee,* 13 Mich. 552 ; *Hungerford v. Smith,* 34 Id. 300 ; *Mickle v. Maxfield,* 42 Id. 310 ; *Yerkes v. Blodgett,* 48 Id. 212.

Appeal from Berrien.　(Smith, J.)　Argued April 7, 1887.
Decided June 9, 1887.

Bill filed to foreclose a mortgage.　Defendant appeals.
Decree modified and affirmed.　The facts are stated in the opinion.

*George M. Valentine,* for complainant.

*Clapp & Bridgman,* for defendant.

SHERWOOD, J.　The defendant in this case, on the nineteenth day of August, 1872, was the owner of about seven acres of land in the township of Benton, in the county of Berrien.　On that day she executed five notes, secured by a mortgage upon said land, for the payment of $2,400 to Ann L. Preston, in annual payments, with interest at 10 per cent. The mortgage was duly recorded on the thirty-first day of August thereafter.

On the tenth day of February, 1876, the mortgage was

duly assigned to Phineas Pearl, the mortgage and notes then unpaid claimed in the bill of complaint to amount to the sum of $780, and for which he paid the defendant that amount. The assignment was duly recorded on the tenth day of March following.

It is further averred in the bill that on the fifteenth day of August, 1882, Phineas Pearl died intestate, and that the complainant was duly appointed, in 1883, administrator of his estate; that, at the time of his death, he was the owner of two of said notes and the said mortgage, which were still unpaid, and that, at the time of the filing of the bill, there was due thereon the sum of $1,350, and, in addition thereto, in consequence of this foreclosure, by the terms of the mortgage, the further sum of $35 as a solicitor's fee.

It is further averred that the said Pearl, at the time of his death, resided at the house of the said defendant upon her said land; that said notes were then past due, and on his decease the same came into the possession of the defendant; and that they were so in her possession at the time complainant filed his bill, unless lost or destroyed.

The complainant further says that he has made diligent search for said notes and mortgage among the papers of the deceased, and has not been able to find them.

The bill contains the other usual averments in foreclosure cases, and prays for a decree of payment against the defendant, and in default thereof that the said land covered by the mortgage be sold to satisfy the decree.

The answer of the defendant is very brief, and is substantially as follows: She says:

"She neither admits nor denies the making of the notes and mortgage which in said bill of complaint it is alleged she made, and in that behalf she leaves the complainant to his proofs.

"She denies that there is due upon such notes or mortgage the sum claimed by the complainant to be due upon them, and denies that there is anything whatever due to the

66 MICH.—12.

complainant, or to the estate of Phineas Pearl, by reason of or on account of such transactions as are set out in complainant's bill of complaint.

"She is advised, and in that behalf insists, that, if ever there was any personal liability by her by reason of the notes alleged in the bill to have been signed by her, such liability is barred by the statute of limitations of the State of Michigan.

"She says that, whatever interest Phineas Pearl may have ever in any way had in said transaction set up in said bill of complaint, he discharged and released it before his death, out of gratitude to and to recompense this defendant for the home she provided for him, and for the kindness to and care she took of him during the last years of his life."

The cause was heard on pleadings and proofs, and the circuit judge made a decree in favor of the complainant, awarding to him the sum of $1,400.05; it being the amount computed by the commissioner to who m the cause was referred as due upon the notes and mortgage to the ninth day of October, 1886. From this decree the defendant appeals to this Court.

The evidence is not very satisfactory as to the amount due upon the mortgage upon the theory of the complainant. Mrs. Ludlow has but little recollection of the amount, and upon her claim in the premises nothing was due thereon; she insisting that, for the home and care she furnished to Mr. Pearl during the last six or seven years of his life, she had a special agreement with him, though not in writing, that he was to release and discharge the mortgage in question. The testimony strongly tends to prove this agreement. The only evidence as to the amount due is that, when the mortgage was assigned to Mr. Pearl, the consideration stated in the assignment was $780, and that amount was covenanted to be due and owing on the mortgage on the tenth day of February, 1876, in the assignment, and the further testimony of Mrs. Preston that the amount stated in the assignment was correct; and upon this basis the commissioner made his computation upon which the decree in the case was made.

The notes and mortgage were not produced, and we are not informed by the record what indorsements, if any, they might have contained. The moneys claimed are for the amount of two notes and interest, which notes, according to the covenants contained in the assignment, were due when Mrs. Preston transferred the notes and mortgage to Mr. Pearl.

The law does not presume the non-payment of a note when due, but payment, unless the note is produced, or other evidence repelling the presumption of law when the note cannot be produced. *Bailey v. Gould,* Walk. Ch. 478; *Bassett v. Hathaway,* 9 Mich. 28. For ought that appears in this case, Mr. Pearl might have receipted payment of the notes and mortgage before he died, and, if they were produced, might be found to furnish the evidence establishing the fact. The evidence in the case is not inconsistent with such theory.

A decree will not be made on the foreclosure of a mortgage without producing the securities, unless their absence is accounted for by clear and conclusive proof. *Young v. McKee,* 13 Mich. 552; *Hungerford v. Smith,* 34 Id. 300; *Mickle v. Maxfield,* 42 Id. 310; *Yerkes v. Blodgett,* 48 Id. 212.

I find much difficulty, upon the proofs in this case, in holding the evidence sufficient to show a continuing liability of Mrs. Ludlow upon the notes and mortgage in question when Mr. Pearl died; and the equitable rights of the parties require that this case should be disposed of upon the facts which are satisfactorily established. There is no pretense that Mrs. Ludlow was to have, for her care and services rendered to the old gentleman Pearl, anything beyond the mortgages he held against her property; and the evidence clearly shows that for such services she has obtained from Mr. Pearl's estate the sum of $495, which was allowed to her, upon her claim presented to the commissioners, in the

circuit court on appeal on the ninth day of November, 1886. It is also recited, in the order allowing the claim at that amount, that she was further credited, against a note presented as an offset, the sum of $220, and the amount of a small mortgage, upon which $300 was allowed against her. This mortgage was discharged by Mr. Pearl before he died, and the testimony shows he did not intend to hold that claim against her.

The $220 and the $495 the testimony shows Mrs. Ludlow had the benefit of, amounting to $715. This sum she should return to the estate (if the defense she makes is true, and which I think is established by a preponderance of the legal evidence in the case), with interest thereon, which will make the sum $736, and it is an equitable lien upon the land described in the mortgage.

The decree at the circuit must be reduced to that amount; and with this modification it will be affirmed, but without costs in either court.

The administrator having failed to bring forward the claims of the estate he now makes, and to present them before the commissioners as set-off, as was his duty to do when Mrs. Ludlow presented her account, it would now be inequitable to allow the administrator the costs of this litigation.

CAMPBELL, C. J., and MORSE, J., concurred.

CHAMPLIN, J. (*dissenting*). I cannot concur in the result reached by the majority of the Court. The fact was clearly established that Mrs. Ludlow presented her claim against the estate of Mr. Pearl for the same care and board which she now claims was agreed to be furnished by her as payment of the notes and mortgage now sought to be foreclosed. The defense looks very much like an after-thought; and, as she received her pay, I do not think she is entitled to relief.