## REYNOLDS v. MORTON.
### (No. 741.)

Acknowledgment—Notary Public—Jurisdiction—Evidence—Presumption — Chattel Mortgages — Evidence — Sufficiency of Objection—Instructions—Directing Verdict.

1. The presumption is that a notary public in taking an acknowledgment acted within his jurisdiction.

2. The presumption that a notary public acted within his county in taking an acknowledgment, supported by proof that the acknowledgment was taken in that county, is not overcome by the fact that the name of another county is stated in the caption of the notary's certificate, and that the notary is referred to in the commencement of the certificate as a notary public "in and for said county."

3. A chattel mortgage is good between the parties to it without acknowledgment or filing.

4. In an action by an alleged owner of a chattel mortgage to recover possession of the mortgaged property, it is incumbent upon the plaintiff to establish a lien upon the property in order to maintain the action.

5. In such action against a third party claiming a lien upon the property, the plaintiff's mortgage, if good between the parties to it, is competent, relevant, and material evidence tending to prove the fact of plaintiff's lien, and is admissible for that purpose, and its introduction in evidence together with the note which it was given to secure, and evidence that the note remains unpaid, makes a *prima facie* case for the plaintiff.

6. An objection to the introduction in evidence of a certified copy of a chattel mortgage that the evidence is immaterial, incompetent, and irrelevant, was too general to present the objection that the seal of the county clerk was not affixed to his certificate; it appearing that the specific ground of the objection was stated to be that the mortgage was not properly acknowledged, and that nothing was mentioned in the objection about the clerk's certificate.

7. There is no presumption that a past-due note is still unpaid and remains the property of the payee, where it is not produced and its non-production is not accounted for.

8. To establish a lien under a chattel mortgage it is necessary for the one claiming the lien not only to produce the mortgage and introduce it in evidence, but also to produce the note or notes secured thereby or account for their non-production, where it appears on the face of the mort-

gage that the note or notes alleged to be secured thereby are past due.

9. Where a defendant failed to offer sufficient evidence to establish his defense, had he been permitted to introduce all he offered, he is not in a position to complain on error of an instruction directing a verdict for the plaintiff.

[Decided December 8, 1913.]                (136 Pac. 795.)

Error to the District Court, Carbon County; Hon. Charles E. Carpenter, Judge.

The material facts are stated in the opinion.

*Allen G. Fisher*, and *William P. Rooney*, for plaintiff in error.

The filing of a chattel mortgage does not constitute notice unless all the statutory steps have been complied with, and to entitle the mortgage to be recorded it must be acknowledged and certified as required by statute. (Butte Hdw. Co. v. Sullivan, 7 Mont. 307; Thompson v. Scheid, 39 Minn. 102, and cases cited). The plaintiff did not offer or read the indorsement of filing upon his chattel mortgage, and this rendered his proof insufficient. (Bank v. Ratkey, 79 Ia. 215). The certificate of acknowledgment showed it to have been taken in Converse County before a resident notary public. The County Clerk has knowledge by law of the seal and official qualifications of all notaries within his county, and he must have known that the one taking the acknowledgment of plaintiff's mortgage was not a notary in that county. Hence his unauthorized act in filing it was not binding upon the defendant. The certificate to the copy offered in evidence did not show the seal of the County Clerk. It was therefore inadmissible. (Comp. Stat. 1910, Secs. 1147, 1248, 3729; Wickliffe v. Hill, 3 Litt. (Ky.) 330; 17 Cyc. 339; 7 Ency. Ev. 975, 976, 978). Courts will take notice only of what ought to be generally known within the limits of its own jurisdiction. (1 Greenleaf Ev. 11). A statute making competent certified copies of recorded papers applies only to papers legally on record. (Settegast v. Charpiot, (Tex. Civ. App.) 28 S. W. 580; Morrison v. Coad, 49

Ia. 571; Hammatt v. Emerson, 27 Me. 308; State *ex rel.* v. Cowhick, 9 Wyo. 93; Tripler v. Mayor, 125 N. Y. 617; Coxe v. Deringer, 78 Pa. St. 271; Fox v. Peninsular, &c., 92 Mich. 243; Prigg v. Lunsberg, 3 App. Cas. (D. C.) 30; Heelan v. Hoagland, 10 Neb. 514; Graham v. Hartnett, 10 Neb. 517; 10 Ency. Ev. 873-876, 722; Bank v. Bronson, 14 Mich. 361; Boswell v. Bank (Wyo.) 92 Pac. 628).

The court erred in sustaining the objection of plaintiff to the questions propounded on cross-examination to the plaintiff, while testifying in his own behalf, relative to his failure to take any steps for the foreclosure of his mortgage; on plaintiff's theory that the defendant's mortgage was a second mortgage. The defendant claimed his mortgage the prior lien, as this record shows it to be. But assuming it to be a second mortgage only, the defendant was entitled to show the plaintiff's laches in foreclosure, and his failure thereby to fix the amount of his lien and give the holder of the second mortgage opportunity to redeem or to purchase at foreclosure sale. Defendant was also entitled to show, by cross-examination of plaintiff, and his right as to this was denied, that some of the cattle covered by defendant's mortgage had been gathered by plaintiff and were sufficient in value, if promptly foreclosed, to satisfy plaintiff's lien. The court also erred in excluding the offered testimony of the defendant with reference to the actual knowledge of the plaintiff of the existence and *bona fides* of defendant's mortgage. (2 Cobbey Chat. Mort., Sec. 1038, and cases cited). Where a mortgage has not been refiled, a person taking a later mortgage with knowledge of the first, takes subject to it. (Thompson v. Van Vechten, 6 Bosw. 272; Keeler, 31 N. J. Eq., 181; Laubenheimer v. McDermott, 5 Mont. 512). The plaintiff's mortgage was given without any new consideration. The defendant's mortgage was in fact the prior lien. (Wright v. Larson, 51 Minn. 321, 38 Am. St. 504; Ransom v. Schmela, 13 Neb. 73; Marsden v. Cornell, 62 N. Y. 215; Corbin v. Kincaid, 33 Kan. 649; Frank v. Playter, 73 Mo. 672; Bank v. Sprague, 21 N. J. Eq. 530;

Arlington &c. Co. v. Yates, 57 Neb. 286; Wetherell v. Spencer, 3 Mich. 123; Gregory v. Thomas, 20 Wend. (N. Y.) 17; Wells, Fargo & Co. v. Alturas, 6 Idaho, 506; Am. L. P. Co. v. Champion, 57 Kan. 352; Huber Mfg. Co. v. Sweney, 57 O. St. 169; Nickerson v. Merc. Co., 71 Minn. 230; Loan Co. v. Piano Co., 124 Ia. 150; Westinghouse &c. Co. v. Citizens, &c. Co., (Ky.) 68 S. W. 463; Aultman v. Young, (S. D.) 126 N. W. 645; Drug Co. v. Drug Co., (Wyo.) 113 Pac. 791). Defendant's mortgages were competent evidence to show his special interest in the property. (Scrafford v. Gibbons, 44 Kan. 533). A mortgage is security for the debt, not for the note which evidences the debt, and it remains a lien until the debt is satisfied; the true inquiry being, does the debt exist? (1 Cobbey Chat. Mort., Sec. 471; Curtis v. Wilcox, (Mich.) 51 N. W. 992; Austin v. Bailey, (Vt.) 24 Atl. 245). It was shown that possession had been given to, or taken by, the defendant below, before the plaintiff had sought possession. The court erred in excluding the defendant's mortgages, and in directing a verdict in favor of the plaintiff.

*Norton & Hagens,* for defendant in error.

The notary's certificate showing the acknowledgment of plaintiff's mortgage was proper and regular on its face. The venue is laid in Converse County and recites the person taking the acknowledgment to be a notary in and for said county, and, therefore, no defect appearing on the face of the certificate the instrument was valid and binding between the parties and entitled to record, and having been recorded it operated as constructive notice. (Boswell v. Bank, 16 Wyo. 161; Angier v. Schieffelin, 72 Pa. 106, 13 Am. Rep. 659). It is true that the name of the county shown on the seal of the notary impressed upon the certificate is a different one from that stated in the venue and in the body of the certificate. But the seal is no part of the certificate, and in any event would not put the County Clerk upon notice, since such discrepancy could in no wise affect the certificate; the statute providing that a notary's certificate shall not be held

invalid or defective because his official seal contains different words from those required. (Comp. Stat. 1910, Sec. 3572). The defendant's mortgages were properly rejected. They were not admissible at the time and in the manner they were offered, for the defendant should not have offered to introduce them until after the plaintiff had rested his case; but even then they would be wholly incompetent, irrelevant and immaterial. The Clerk's certificate attached to the copy of plaintiff's mortgage which was introduced in evidence showed that it was a copy "together with all indorsements thereon", and such copy together with the indorsements were all introduced in evidence without objection thereto, except on the ground that the acknowledgment was defective. The objection, therefore, was insufficient to cover a defect in the Clerk's certificate. (9 Ency. Ev. 58, 71, 82; 2 Cyc. 677, 693, 696; Sherlock v. Leighton, 63 Pac. 934; Barrett v. Godshaw, 75 Ky. (Bush) 592; Gage v. Eddy, 186 Ill. 432, 57 N. E. 1030; Jochen v. Tibbells, (Mich.) 14 N. W. 690; Park v. Robinson, 91 N. W. 344; Falk v. Engr. Co., 54 Fed. 890; Lumber Co. v. Martin, (Okl.) 66 Pac. 328; Noonan v. Min. Co., 121 U. S. 393; Gregory v. Langdon, (Neb.) 7 N. W. 871; Ins. Co. v. Soule, (Mich.) 16 N. W. 662). The cases cited and many others clearly establish the rule with reference to the introduction of documentary evidence that unless the specific ground of an objection thereto is pointed out before a ruling thereon, the party objecting waives the right to question the ruling on such point. It is the duty of the party so objecting to call the court's attention to the specific defect relied upon, or he cannot raise the point in an appellate court. (Baker v. Baker, (Ill.) 42 N. E. 867).

It is contended on behalf of defendant below that the mortgage from Fowler to the defendant, although having expired in the year 1910 and not renewed by the required statutory affidavit, was, nevertheless, kept alive by the taking of a new mortgage upon the property. The contention is unsound for these reasons: (a) The cattle described

in the Fowler mortgage are not the same cattle described in the mortgage to plaintiff. (b) The plaintiff was a subsequent *bona fide* mortgagee, and as such was entitled to priority as against defendant's mortgages. (c) As between the parties to this suit their several mortgages were merely executory contracts and the plaintiff executed his contract by first taking possession of the property, and thereby became entitled to priority. (d) Defendant's second mortgage was taken subsequent to the plaintiff's, and by taking that mortgage the defendant discharged the first one. A subsequent *bona fide* mortgagee is one who becomes such after the date of the execution of the prior mortgage. (Day v. Munson, 14 O. St. 488; Briggs v. Nette, 3 N. W. 231; Bank v. Ludvigsen, 8 Wyo. 230; Babbitt v. Bank, 108 Pac. 1003; Brereton v. Bennett, 25 Pac. 310; Cassell v. Deisher, 89 Pac. 773; Live Stock Co. v. Talliaferro, (Okl.) 93 Pac. 983). To make a new chattel mortgage does not extend the lien of a former one, the statute having provided that the mortgagee may protect himself by filing an affidavit of renewal, exhibiting his interest in the manner provided. (McCrea v. Hopper, 55 N. Y. Supp. 136). An affidavit of renewal to continue a chattel mortgage is not sufficient if filed either before or after the time provided by law. (Cooper v. Koppes, (Ohio) 15 N. E. 662; Swiggitt v. Dodson, (Kan.) 17 Pac. 594; Jones on Chat. Mort. (3rd Ed.) Sec. 297). The fact that the plaintiff may have had actual notice of the mortgage given by Fowler to defendant when he took his mortgage is immaterial, but the offer made was insufficient to show any such knowledge for it did not correctly describe the Fowler mortgage, and the cattle covered by that mortgage are not the same as the cattle described in the plaintiff's mortgage; and further, the Fowler mortgage was satisfied and discharged when the defendant took his new mortgage. The debt from Fowler was extinguished by the taking of a note from Rimington in place thereof, and hence it cannot reasonably be contended that the mortgage given by Rimington to secure his note was an extension of the

previous mortgage given by Fowler. (Paine v. Waite, 11 Gray, 190; Paul v. Hayford, 22 Me. 234; Woodman v. Hunter, (Kan.) 36 Pac. 713; Herr v. Milling Co., (Colo.) 22 Pac. 770). The plaintiff having taken his chattel mortgage in the usual course of business for a valuable consideration, it will be presumed that he took it in good faith. (Wright v. Larsen, (Minn.) 53 N. W. 712).

BEARD, JUSTICE.

This action was brought by John Morton against William Reynolds in the District Court of Converse county to recover the possession of certain cattle. The case was transferred on change of venue to Carbon county, where the cause was tried and judgment rendered in favor of plaintiff. Defendant brings error.

The plaintiff claimed the right to the possession of the cattle in dispute by virtue of a chattel mortgage executed to him by Frederick W. Rimington and wife August 26, 1909, and filed in the office of the County Clerk of Converse county August 30, 1909, and given to secure a promissory note of said Rimingtons for $12,726.52, dated August 26, 1909, and due August 26, 1912. The action was commenced October 7, 1911.

The defenses pleaded were: First, a general denial, and second, what is denominated a cross-petition, in which it is alleged, in substance, that one Porter G. Fowler on July 13, 1907, purchased the cattle from Reynolds and gave him a chattel mortgage thereon to secure three notes of that date for $1,113.33 each and due, one in one year, one in two years and one in three years from date, which mortgage was filed in the office of the County Clerk of Converse county July 13, 1907. That about December 12, 1907, Fowler sold the cattle to Rimington, who assumed and agreed to pay the notes secured by the Fowler mortgage, and that Rimington then took possession of the cattle. "That from time to time, the said Powell (Porter?) G. Fowler, from the offspring of said registered Hereford cattle aforesaid, paid unto the said defendant such sums of money, so that

on August 10, 1910, there yet remained of said indebtedness due and owing, the sum of $1,500.00 and thereupon, the said defendant agreed to extend payment of said remaining indebtedness to the amount of $1,500 for one year from that date, to evidence which agreement and in consideration of the foregoing chattel mortgage and notes the said plaintiff (probably meaning Rimington as it was Rimington's mortgage which was offered in evidence) made and delivered his note, dated August 10, 1910, for $1,500.00, due one year after that date, payable to the order of defendant, and executed, acknowledged and delivered unto said defendant an additional chattel mortgage, describing said note of that date, again mortgaging the twenty-four head of said cows, and the one bull of the said original herd." Alleged the filing of the mortgage and that it remained unpaid and unsatisfied. Alleged, "that there is now due upon said notes and mortgages from the said Porter G. Fowler unto the said defendant $1,675, no part whereof has been paid." To the cross-petition or new matter pleaded by the defendant, the plaintiff replied, denying each and every allegation therein contained.

On the trial plaintiff offered in evidence a certified copy of the mortgage under which he claimed the right to the possession of the cattle in controversy. To the introduction of which defendant objected as incompetent, irrelevant and immaterial, because not acknowledged in compliance with the statute for the acknowledgment of chattel mortgages to entitle it to record. The objection was overruled and the certified copy of the mortgage admitted in evidence. That ruling is assigned as error. The acknowledgment as it appears on the certified copy of the mortgage, omitting immaterial parts, is as follows:

"State of Wyoming, County of Converse.)ss.    I, Jas. W. McDevitt, a notary public in and for said county, in the state aforesaid,   *   *   *   *   *   *

Given under my hand and notarial seal this 26th day of August, A. D. 1909.   My commission expires August 4, 1910.                          Jas. W. McDevitt,
    (seal)                              Notary Public."

The defendant contended and offered to prove in support of his objection that McDevitt was not a notary of Converse county, but was in fact a notary in and for Laramie county, and that his official seal impressed on the original mortgage was his seal as a notary of Laramie county. The court sustained an objection to the evidence offered to so prove. Without deciding whether the ruling was right at that stage of the case or whether the certificate on its face was sufficient to admit the mortgage to record or rather to be filed in the clerk's office as provided by our statute, we think the defendant was not prejudiced by the admission in evidence of the certified copy of the mortgage for the reason, that if the acknowledgment was in fact as defendant claimed, it would have been sufficient. The presumption is that the notary acted within his jurisdiction, and Rimington testified that his wife was in Laramie county at the date of the acknowledgment and that he was there about that time. Taking it for granted that McDevitt was a notary for Laramie county, the presumption is that the acknowledgment was taken in that county, which presumption is supported by the testimony above referred to, and unless there is sufficient in the certificate to overcome that presumption it must be held to have been so taken. In Angier v. Schieffelin, 72 Pa. St. 106, (13 Am. Rep. 659), the acknowledgment was before E. H. Chase, a justice of the peace. The certificate was as follows: "Erie county,)ss. Before the subscriber, a justice of the peace of said county," etc., and was signed "E. H. Chase (L. S.)." It was admitted that Chase was not a justice of the peace of Erie county, but was of Crawford county, where the mortgage was recorded. The court said: "Had Chase been a justice of the peace of Erie county, the acknowledgment before him by the mortgagor, although the land lay in Crawford, or any other county in the state, would have been all right, and the duty of the recorder of Crawford county to enter it of record, when offered for that purpose, would have been undoubted. This being the appearance of things, it was properly put on record by the recorder, and was

thence *prima facie* notice to *terretenant* of the encum-
brance." * * * * * *. "It is very evident that the
mortgage was filled up on an Erie county blank, and that the
justice neglected to alter the name of the county referred
to in the *scilicet*, from Erie to Crawford; hence the error.
But in point of fact the mortgage was well acknowledged,
as the testimony showed." It appeared that the mortgage
was in fact acknowledged in Crawford county. In Alex-
ander v. Houghton, 86 Tex. 702, 26 S. W. 937, the certi-
ficate of acknowledgment was as follows: "The State of
Texas, Runnels county. Before me, Geo. W. Caldwell,
a notary public in and for said county," etc. "Given under
my hand and seal of office, this 5th of June, 1882.

GEO. W. CALDWELL,

Notary Public, Bexar County, Texas."

In the opinion that court said: "Article 3366, Revised
Statutes, prescribed what character of seal the notary should
have, and required that he should use it to authenticate his
official acts. The seal was required to have engraved upon
it the county for which he was appointed, (see sec. 3565,
Wyo. Comp. Stat. 1910, for similar requirements) and it
is to be presumed that a seal with the words Bexar county
was affixed to this certificate. We do not believe that the
caption furnishes the more certain guide as to the place
where the certificate was made. * * * It is a common
thing for deeds to be prepared in a county where the land
is situated and where the title must be examined for the
purchaser, upon blank forms printed for that county, with
like blanks for certificates of acknowledgment in which that
county is printed in the caption, and these deeds sent to
other counties to be acknowledged by the grantors. If the
officer in the latter county fails to change the name of the
county in the caption, such conflict as appears in this case
is inevitable. The common sense solution of this matter is,
that this deed was prepared in Runnels county upon a blank
form printed for transfers in that county, with like blank
form for a certificate to be used by officers of that county,
and that the notary public in Bexar county failed to change

the county in the caption from Runnels to Bexar. It is much more probable that it should have so occurred than that the notary public should have gone from Bexar to Runnels county to take the acknowledgment, or that he should have been there accidentally, and been called upon by the parties in preference to an officer of that county. We answer that the certificate of acknowledgment in this case was sufficient in itself to admit the deed to record, and that if properly made the record was such as the law requires to support the statute of five years." The mortgage was good between the parties to it without acknowledgment or filing. (Boswell v. Bank, 16 Wyo. 161-182, 92 Pac. 624, 93 Pac. 661; Schlessinger v. Cook, 9 Wyo. 256, 62 Pac. 152). And it was incumbent upon plaintiff to establish a lien upon the property in order to maintain the action. The mortgage was competent, relevant and material evidence tending to prove that fact and was admissible for that purpose, and when it and the note which it was given to secure were introduced in evidence and evidence produced that the note was unpaid, that made a *prima facie* case for plaintiff.

It is argued here that the certified copy of the mortgage should not have been admitted because the seal of the county clerk was not affixed to the certificate. That objection was not made in the trial court. The objection that the evidence was immaterial, incompetent and irrelevant was too general to present that objection, especially so when by the objection the court's attention was directed to the specific ground on which it was claimed it was immaterial, irrelevant and incompetent, viz: that the mortgage was not properly acknowledged. Nothing was mentioned in the objection about the clerk's certificate. (Noonan v. Caledonia Min'g Co., 121 U. S. 393, (7 Sup. Ct. 911, 30 L. Ed. 1061); Gregory v. Langdon, 11 Neb. 166, 7 N. W. 871; Falk v. Gast L. & E. Co., 54 Fed. 890, 4 C. C. A. 648; Jochen v. Tibbells, 50 Mich. 33, 14 N. W. 690).

The defendant sought to prove a superior lien on the cattle by virtue of the Fowler mortgage and also by virtue

of the Rimington mortgage of date Aug. 10, 1910.   He
offered each of those mortgages in evidence and they were
excluded.   But, had they been admitted, they would not
have made out a defense.   As shown on their faces the notes
alleged to be secured thereby were past due, and neither
of the notes was produced or offered in evidence, or their
non-production accounted for.   There is no presumption
that a past due note, not produced or its non-production
accounted for, is unpaid and still remains the property of
the payee.   For aught that appears in the record the notes
may have been paid or assigned.   In Hendrie v. Canadian
Bank of Commerce, 49 Mich. 401, 13 N. W. 792, the prop-
erty was in the possession of the bank, claiming under a
chattel mortgage, and Hendrie replevied.   The court said:
"In reference to the rights of the mortgagee.   It appears
that this mortgage was given to secure the payment of cer-
tain promissory notes, and they were not offered in evi-
dence.   Had Hendrie in attempting to gain possession of
this property been a wrongdoer, perhaps no proof thereof
would have been necessary, as the prior possession by the
bank would, as claimed, have entitled it to recover.   As,
however, Hendrie was entitled to the possession it is clear
the bank could only succeed by showing a better right, and
this was not done."   So here.   Morton proved his lien and
right to possession unless defendant established a better
right, which he failed to do.   That it was necessary for
the defendant to produce the notes, or account for their
non-production in order to establish his lien, see Bassett
v. Hathaway, 9 Mich. 28; George v. Ludlow, 66 Mich 176,
33 N. W. 169; Ward v. Munson, 105 Mich 647, 63 N. W.
498; Schumpert v. Dillard, Pinson & Co., 55 Miss. 348; Ber-
gen v. Urbahn, 83 N. Y. 49; Field v. Anderson, 55 Ark.
546, 18 S. W. 1038; Lucas v. Harris, 20 Ill. 166; Flynn v.
Hathaway, 65 Ill. 462; 2 Jones on Mortgages (6th Ed.)
sec. 1469.   At the close of the evidence the court instructed
the jury to return a verdict for plaintiff.   The defendant,
having failed to offer sufficient evidence to establish a lien
upon the property, had he been permitted to introduce all

he offered, is not in a position to complain of the instruction. On the record here presented the instruction was not erroneous. The judgment is affirmed.

*Affirmed.*

SCOTT, C. J., concurs.

POTTER, J., did not sit.