[Civil No. 1396.   Filed February 13, 1915.]

[145 Pac. 843.]

HAROLD STEINFELD, Appellant, v. FREDERICK C. BOLEN, Appellee.

1. MORTGAGES—FORECLOSURE BY ACTION—PLEADINGS—SUFFICIENCY.—In a suit to foreclose a mortgage for $1,500, judgment for the plaintiff for the full amount and interest, and foreclosing the mortgage lien upon the property, was improper, when the complaint merely alleged that there was due and unpaid "about $1,500 and interest," a plea so indefinite that no judgment by default could have been entered, under Civil Code of 1913, paragraph 563, providing for the entry of default judgments in actions of contract, the complaint not being aided by the answer, as to the amount due, that denied $1,500 was owing, alleged that $1,050 had been paid on the principal, and admitted a balance of $576.83.

2. MORTGAGES—PAYMENT—PRESUMPTION AND BURDEN OF PROOF.—In an action to foreclose a past-due mortgage, in which plaintiff alleged that there was due "about $1,500 and interest thereon," and defendant denied that "$1,500 is now due to plaintiff," and alleged that $1,050 had been paid, and that interest was paid to a date stated, and in which the note and mortgage were not produced at the trial nor their nonproduction accounted for, the presumption was that the debt was paid, and the burden was on the plaintiff to show nonpayment, though payment is ordinarily an affirmative defense to be pleaded and proved by the party asserting it.

APPEAL from a judgment of the Superior Court of the County of Pima. W. F. Cooper, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. Charles Blenman, for Appellant.

Mr. E. S. Curtis, for Appellee.

ROSS, C. J.—The plaintiff appellee, as the assignee and legal owner and holder of a real estate mortgage, brought this action to foreclose on the mortgaged property which had, by mesne conveyance from the mortgagor, come into the ownership and possession of defendant appellant. The mortgage was given on January 31, 1907, to secure a note of same date for $1,500, payable on or before five years after date, bearing 9 per cent interest, but the note provided it should be payable in monthly installments of $25 per month, plus interest for such month on the entire debt. The payee of the note and mortgage died in November, 1910. In January, 1912, appellee became the owner by assignment of "the mortgage, . . . together with the debt thereby secured." Suit to foreclose was begun December 10, 1913. As to the amount due on the mortgage, the allegation of the complaint was as follows:

"That there is due upon the same [promissory note], as the plaintiff is informed and believes, and upon such information and belief alleges it to be a fact, the sum of *about* $1,500 and interest thereon."

Defendant in his answer admitted the execution of the note and mortgage as alleged in the complaint, denies on information that appellee is the legal holder and owner of note and

mortgage, and "also denies that the sum of $1,500 is now due to plaintiff under said note and mortgage," and alleges on information that $1,050 had been paid on note and mortgage to the payee in his lifetime, together with interest thereon up to October 13, 1910, admitted a balance due of $576.83, and paid the same into court.

It is stipulated by the parties that at the trial the only evidence introduced by appellee was a certified copy of the mortgage and the assignments of note and mortgage to him. The original mortgage and note were not produced, and their nonproduction was not accounted for. No evidence at all was produced or offered respecting said note or mortgage (except the certified copy of mortgage) or of the amount due thereunder. Upon this showing, no evidence being introduced by appellant, the court entered judgment in favor of appellee for $1,500 and interest from date of note amounting to $933.-75, and foreclosed the mortgage lien upon appellant's property for that sum. From this judgment this appeal is prosecuted by appellant. Under the facts as they appear, and under the stipulation of the parties, the only question for us to pass upon is: Did the court err in rendering judgment for appellee, he not having produced the original note and mortgage nor accounted for their nonproduction and not having made proof of the amount due thereon?

At the date of the institution of suit, December 10, 1913, the note and mortgage were long past due. In fact, the note itself provided for partial payments of $25 per month and interest monthly from its date. The payee thereof held it for nearly four years before he died. The plaintiff evidently did not know the amount due thereon, for in his complaint he alleges, on information and belief, that there was due and unpaid "*about* $1,500 and interest thereon," and prayed "that an account may be taken . . . of the amount now due upon said promissory note and upon said mortgage."

Had no answer been filed by appellant, under the prayer of the complaint, no judgment could have been entered without proof of the amount due on note and mortgage, as in case the defendant defaults, the statute (paragraph 563, Civil Code) provides that "judgment in the amount sued for in the complaint, including the costs," where the action arises out of contract for the recovery of money or damages only, may be entered. The amount sued for was not definitely

stated. It was "about $1,500 and interest thereon." This allegation is indefinite and uncertain in the amount sued for as principal, and still more indefinite and uncertain as to amount claimed as interest, as no date is given from which the interest could be computed, and, to emphasize the uncertainty of amount claimed as due, the prayer of the complaint asks for an accounting.

Nor do we think the complaint was aided by the answer filed, in respect of the amount claimed as due. The answer denies that $1,500 is due, and affirmatively alleges that $1,050 had been paid on the principal, and that the interest had been paid up to October 13, 1910, and admits a balance due of only $576.83, principal and interest. The certified copy of the mortgage introduced by the appellee was proof of nothing that had not been admitted in the answer. The answer admitted the execution of the note and mortgage as alleged. The only controverted question was as to the amount still unpaid. The note and mortgage were not produced, and their nonproduction was not accounted for. They were long past due. In the absence of proof to the contrary, the presumption of law is that past-due paper has been paid. *Ward* v. *Munson,* 105 Mich. 647, 651, 63 N. W. 498, 499, was a case wherein the bond secured by a mortgage was not produced nor sufficiently accounted for, and upon these facts the court said:

"The defendant was asserting the mortgage as a valid lien upon the premises. The law would not raise a presumption of nonpayment, but of payment when due, unless the contrary was shown by the production of the bond, or other evidence repelling the presumption of law when the bond could not be produced. *Bailey* v. *Gould,* Walk. Ch. (Mich.) 478. In *Bassett* v. *Hathaway,* 9 Mich. 28, the bill was filed to restrain the foreclosure of a mortgage. The notes were not produced, and it was said: 'It was held in *Bailey* v. *Gould,* Walk. Ch. (Mich.) 478, that, unless the note accompanying a mortgage is produced or accounted for, it must be presumed paid as against the party setting up the mortgage. This is in accordance with well-settled principles. In the case now before us, the notes are not produced, and we are entirely without evidence either of their existence or ownership at the present time.' In *George* v. *Ludlow,* 66 Mich. 176, 33 N. W. 169, the cases of

XVI Ariz.—24

*Bailey* v. *Gould* and *Bassett* v. *Hathaway* were referred to and approved. It was further said: 'For aught that appears in this case, Mr. Pearl might have receipted payment of the notes and mortgage before he died, and, if they were produced, might be found to furnish the evidence establishing the fact. . . . A decree will not be made on the foreclosure of a mortgage without producing the securities, unless their absence is accounted for by clear and conclusive proof.' In *Bergen* v. *Orbahn,* 83 N. Y. 49, the action was to foreclose a mortgage. Upon the hearing the plaintiff did not produce the bond nor account for its nonproduction. It was said: The case 'is subject to the rule which makes the nonproduction of the bond referred to in the mortgage evidence of the nonexistence or discharge of the mortgage debt, and, when unexplained, is conclusive against the plaintiff's right to recover.' *Buckmaster* v. *Kelley,* 15 Fla. 180, *Butler* v. *Washington,* 28 S. C. 607, 5 S. E. 601, and *Field* v. *Anderson,* 55 Ark. 546, 18 S. W. 1038, where the same doctrine is laid down.''

To the same effect is *George* v. *Ludlow,* 66 Mich. 176, 33 N. W. 169, 171.

The appellee was entitled, under the admissions contained in the answer, to a judgment for $576.83, but we think the presumption of payment should be indulged as to the amount alleged to have been paid and denied as due and owing, until overcome by competent evidence. The plea of payment may be an affirmative defense that places the *onus* of proof upon him who pleads it; but under the general issue, the appellee failing to produce the note sued on, and it being past due, the burden was on him to overcome the presumption of payment by showing that the note has not, in fact, been paid.

Judgment is reversed and case remanded, with directions that a new trial be granted.

CUNNINGHAM and FRANKLIN, JJ., concur.