## Asenath Hungerford v. Cyrus Smith.

*Foreclosures: Production of securities: Loss: Continued efficacy.* In a foreclosure suit the production of the securities is necessary to enable the complainant to recover, unless their loss is sufficiently accounted for and clear proof given of their continued efficacy.

*Foreclosures: Lost securities: Long delay.* Where a foreclosure bill is brought against an alleged subsequent purchaser, after the death of the mortgagor and nearly twenty years after the maturity of the mortgage, a very satisfactory showing of a continuing obligation is required, in the absence of the securities themselves.

*Heard June 8.    Decided June 20.*

Appeal in Chancery from Clinton Circuit.

HUNGERFORD *v.* SMITH.

*Spaulding & Cranson,* for complainant.

*R. Strickland,* for defendant.

CAMPBELL, J:

Complainant brought her bill to foreclose a mortgage alleged to have been executed with two notes, in favor of one John Pace, on the 18th of June, 1851. Complainant claims that she became owner of the securities in June, 1853, as widow of John Pace, by assignment under an order of the court of probate of St. Clair county, where she then lived. This suit was brought in 1874 in Clinton county, more than twenty years after the maturity of one of the notes and nearly that period after the maturity of the other. She claims that both notes and mortgage were destroyed by fire, while in the custody of Joab Baker at St. Johns, within four or five years after the maturity of the notes. George W. Stoddard, the mortgagor, is dead, and the suit is brought against a party alleged to be a subsequent purchaser.

The production of the notes and mortgage was necessary to enable complainant to recover, unless their loss is sufficiently accounted for, and clear proof given of their continued efficacy. The testimony entirely fails to account for them. It shows, in our opinion, that the notes were never in the possession of Mr. Baker, and no attempt is made to show their existence elsewhere, or their loss from any other custody. The long and unreasonable delay in suing, and the death of the debtor, render it necessary to require at least satisfactory proofs of a continuing obligation, and no such proofs are to be found.

We think there was no foundation for a decree, and that the court erred in granting one. The decree must be reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.