John Snyder v. William R. Hemmingway, Luther Hemmingway and Mary Jane Hemmingway.

*Ejectment—Change of title pending suit—Writ of possession—Estoppel by taking leases—Foreclosure proceedings—Evidences of debt— Notice of sale—Affidavit of publication.*

Judgment in ejectment rests on the title held at the beginning of the suit; and if, pending suit, the plaintiff mortgages the land, there is nothing to hinder the defendant from buying it on foreclosure, and the title thus obtained will enure to his benefit.

Proceedings under a writ of possession cannot strengthen a baseless claim of title.

Where, on the execution of a writ of possession, a defendant in the ejectment suit takes a lease from the plaintiff in order to avoid being

put off the land, the act will not permanently estop him from contesting plaintiff's title in another action of ejectment brought after the expiration of the lease and notice to quit.

It is not pre-requisite to foreclosure proceedings that complainant should produce the note secured by the mortgage. But proof must be made of the mortgage and of the power of sale.

In foreclosure proceedings proof of the mortgage and of a power of sale in apparent accordance with its terms, raise a presumption that will protect those purchasers whose rights are only assailed in a collateral manner.

A foreclosure notice which states that the premises will be sold "or so much thereof as may be necessary," is in the usual and proper form and is not objectionable as not designating the precise parcels to be sold; and if it describes the land in two government subdivisions it is presumptively desirable to sell them separately, though if they are in one connected estate it may be proper to sell them together ; and the expression "I will sell" in a notice signed by the mortgagee does not preclude the sheriff from making the sale.

An affidavit of publication which states that the newspaper in which the notice was published was printed and published weekly and every week and that the publication was for thirteen successive weeks, the first being Nov. 26, 1879, and the last Feb. 18, 1880, is explicit that the notice was published once in each week.

It was not unlawful for the attorney of a mortgagee to administer oaths in foreclosure proceedings until the passage of Act 6 of 1877.

Error to Berrien.   Submitted Jan. 12.   Decided Jan. 25.

EJECTMENT.   Plaintiff brings error.   Affirmed.

*Edward Bacon* for plaintiff in error.   Where proof of foreclosure is relied on, evidence of the debt secured by it must be offered: *Sackner v. Sackner* 39 Mich. 39 ; as to affidavit of publication, see *Perrien v. Fetters* 35 Mich. 235; *Dexter v. Cranston* 41 Mich. 451; *Gillett v. Needham* 37 Mich. 147; *Cameron v. Adams* 31 Mich. 428 ; and the illegality of the oaths: *McCaslin v. Camp* 26 Mich. 393 ; as to sale in parcels: Rev. St. 1846, ch. 130, sec. 7; *Brine v. Ins. Co.* 96 U. S. 627: *Larzelere v. Starkweather* 38 Mich. 104; *Durm v. Fish* 46 Mich. 312; as to want of power of sale: *Grover v. Fox* 36 Mich. 453; *Burnet v. Denniston* 5 Johns. Ch. 35; *Fowle v. Merrill* 10 Allen 350 ;

*Mowry v. Sanborn* 68 N. Y. 160; judgment in ejectment gives constructive possession: *Mason v. Kellogg* 38 Mich. 143; *Matteson v. Vaughn* id. 375; *Wilcox v. Musche* 39 Mich. 101; *Gower v. Quinlan* 40 Mich. 578; *Hunt v. Amidon* 4 Hill 345; *Jones v. Chiles* 2 Dana 32; *Dewey v. Osborn* 4 Cow. 338; *Aslin v. Parkin* 2 Burr. 665; *Leland v. Tousey* 6 Hill 332; *Van Alen v. Rogers* 1 Johns. Cas. 281; *Doe v. Whitcomb* 8 Bing. 46; *Doe v. Harlow* 12 Ad. & El. 40; *Chirac v. Reinicker* 11 Wh. 280: 2 Pet. 622; *Den v. McShane* 13 N. J. L. 39; and establishes title in fee from its date: *Mahoney v. Van Winkle* 33 Cal. 458; *Marshall v. Shafter* 32 Cal. 177; grantees of the defendant by deeds made after the judgment are estopped from asserting their grantor's title to defeat a subsequent action of ejectment against themselves: *Sheridan v. Andrews* 49 N. Y. 482; *Campbell v. Hall* 16 N. Y. 579; *Bates v. Stearns* 23 Wend. 483; *Stiles v. Jackson* 1 Wend. 316; *Jackson v. Schauber* 7 Cow. 187; a judgment in ejectment rendered after the acquisition of a title by defendant is conclusive against all rights which might have been litigated in the suit: *Jacobson v. Miller* 41 Mich. 96; *Huntoon v. Russell* id. 317; *Territt v. Cowenhoven* 79 N. Y. 402; *Smith v. Smith* id. 635; *Caperton v. Schmidt* 26 Cal. 510; *Satterlee v. Bliss* 36 Cal. 514; Freeman on Judgments § 299.

*Clapp & Fyfe* for defendants in error. The proofs in this case were sufficient: *Brown v. Phillips* 40 Mich. 269; *Lee v. Clary* 38 Mich. 223; judgment in ejectment speaks from the beginning of suit: *McChesney v. Wainwright* 5 Ohio 452; *Massie v. Long* 2 Ohio 293; *Jenney v. Potts* 41 Mich. 52; *Moyer v. Scott* 30 Mich. 348; one who is in possession and does not surrender it to a party prevailing in ejectment cannot be estopped, by taking a lease, from afterwards denying his title; *Ramsdell v. Maxwell* 32 Mich. 288; *Fuller v. Sweet* 30 Mich. 237.

CAMPBELL, J. Snyder brought ejectment for 120 acres of land, consisting of two adjacent government subdivisions of 80 and 40 acres respectively, and occupied severally by

defendants in parcels. On the trial he made out his title by showing conveyances to himself and predecessor of the government title in 1839 and 1855. He then showed that defendants had taken deeds from one Jesse Hemmingway in 1872 and 1876, and a conveyance made in February, 1859, from one Finnegan to Jesse Hemmingway. He then proved a judgment in ejectment rendered in plaintiff's favor against Jesse Hemmingway in November, 1865, upon a suit begun January 17, 1859, declaring plaintiff to be entitled in fee. He also proved a writ of possession issued on this judgment *ex parte*, in July, 1878, with a return by the sheriff that he had put plaintiff in possession by force, and a six months' lease obtained on this occasion to be accepted by William R. Hemmingway of the 80 acres. The present suit was brought in April, 1880, after notice to quit.

The defendants proved title under the foreclosure of a mortgage given by plaintiff on the 6th of August, 1859, to one George Kimmel, which was foreclosed by sale February 25, 1860, and the 80 and 40 acre lots sold separately to Jesse Hemmingway.

Plaintiff claims as to these matters—*first*, that the judgment and proceedings under it in the old ejectment suit estop defendants as claimants under Jesse Hemmingway; and *second*, that the foreclosure proceedings are not valid.

Upon the first point it was decided in *Mich. Central R. R. v. McNaughton* 45 Mich. 87, that a judgment in ejectment rests upon the title existing at the commencement of suit, and that the proceedings are not affected by conveyances subsequently made by the plaintiff. If he prevails it may therefore enure to the benefit of his grantee. It would be very strange if a plaintiff in ejectment could set up his recovery in the action as a bar to his own deed made during the suit. If any one but Jesse Hemmingway had purchased the mortgage title, the claim that it was cut off by the judgment would be absurd on its face. There is no rule of law that estops a defendant in ejectment from purchasing a title derived from the plaintiff, or from holding it as any one else would hold it.

It cannot be seriously claimed that the proceedings under

the writ of possession strengthened the plaintiff's title, or that an expired lease obtained as this was obtained could work a permanent estoppel.

The objections to the mortgage foreclosure are presented on several grounds. It was first claimed that the note secured by the mortgage should have been produced. This is not necessary, and would usually be impossible where the land is purchased by strangers who could not set up any claim to its possession. We have held that the mortgage and power of sale must be proved, because it is only under the power of sale that any steps can be taken. *Hebert v. Bulte* 42 Mich. 489. But when the mortgage is shown and a sale apparently in accordance with its terms, a presumption, at least, is raised which will protect purchasers whose rights are not assailed by some proper steps and not collaterally. See *Reading v. Waterman* 46 Mich. 107, and cases cited.

The notice that the premises " or so much thereof as may be necessary," etc., is objected to as not designating the precise parcels intended to be sold. This is the usual and proper form. It is also objected that when the notice says the mortgagee will sell, a sale cannot be made by the sheriff. This point is frivolous. The statute allows either to sell. And where the land is described in two government subdivisions it is presumptively desirable to sell them separately, although it may be proper, if in one connected estate, to sell together.

We also think that an affidavit which declares that the newspaper in which the notice was published was printed and published weekly and every week, and that the publication was for 13 successive weeks, the first being November 26, 1859, and the last February 18, 1880, is as explicit as language can make it that the notice was published once in each week. And there was then no statute which made it unlawful for an attorney of the mortgagee to administer oaths to the affiants. These proceedings being regular, the title of defendants was fully made out.

The judgment must be affirmed with costs.

The other Justices concurred.