SALLIE v FIFTH THIRD BANK

Docket No. 302554. Submitted June 13, 2012, at Grand Rapids. Decided June 19, 2012, at 9:15 a.m. Leave to appeal denied, 493 Mich 871.

Clyde Sallie filed an action in the Kent Circuit Court against Fifth Third Bank and Foreclosure Management Company, challenging Fifth Third's attempt to foreclose on a mortgage Sallie defaulted on in September 2009. Sallie and his now-deceased wife had borrowed money from Old Kent Bank in 2000 and granted the bank a mortgage on their home as security. Old Kent Bank merged with Fifth Third in 2001. Following Sallie's default on the mortgage in 2009, Fifth Third sought to foreclose on Sallie's property by advertisement in accordance with the power-of-sale clause contained in the mortgage. Fifth Third was unable to locate the promissory note signed by Sallie and his wife as part of the mortgage loan transaction at the time it commenced foreclosure proceedings. Sallie argued that Fifth Third could not foreclose on the mortgage without producing the note. The court, Christopher P. Yates, J., granted summary disposition in favor of Fifth Third, concluding that the bank could pursue all remedies available under the mortgage regardless of whether the promissory note was produced. Sallie appealed.

The Court of Appeals *held:*

The circuit court properly granted summary disposition for Fifth Third. MCL 600.3201 provides that upon default, a mortgage may be foreclosed by advertisement if there is a power-of-sale clause. Under MCL 600.3204(1), a party may foreclose a mortgage by advertisement if (1) a default in a condition of the mortgage occurs by which the power to sell became operative, (2) an action to recover the debt secured by the mortgage has not been instituted, or, if instituted, has been discontinued (3) the mortgage containing the power-of-sale clause had been recorded, and (4) the party foreclosing the mortgage owns either the indebtedness or an interest in the indebtedness. A mortgagee may foreclose on a mortgage without producing the note secured by the mortgage if the mortgage produces a valid mortgage and power of sale. The mortgagee must give clear proof of the debtor's default and continuing debt obligation. The circuit court properly granted

summary disposition in favor of Fifth Third because the valid, recorded mortgage contained a power-of-sale clause, Sallie had defaulted on the mortgage, and the bank established Sallie's underlying debt and default with clear proof. Fifth Third also established that it owned Sallie's debt by providing unrefuted testimony that the lost note was never transferred, assigned, or sold, and Fifth Third had not instituted an action to recover the debt secured by note. Accordingly, Fifth Third was entitled to foreclose on the mortgage notwithstanding the loss of the promissory note.

Affirmed.

MORTGAGES — FORECLOSURES — POWER OF SALE — LOSS OF PROMISSORY NOTE.

Following default, a mortgage may be foreclosed by advertisement if the document contains a power-of-sale clause; under MCL 600.3204(1) a party may foreclose a mortgage by advertisement if (1) a default in a condition of a mortgage occurs by which the power to sell becomes operative, (2) an action to recover the debt secured by the mortgage has not been instituted, (3) the mortgage containing the power-of-sale clause had been recorded, and (4) the party foreclosing the mortgage either owns the indebtedness or has an interest in the indebtedness; a mortgagee may foreclose on a mortgage without producing the note secured by the mortgage if the mortgagee produces a valid mortgage and power of sale; the mortgagee must give clear proof of the debtor's default and continuing debt obligation. [MCL 600.3201; MCL 3204(1).]

*Bernard C. Schaefer* for Clyde Sallie.

*Dykema Gossett PLLC* (by *Mark D. van der Laan*) for Fifth Third Bank.

Before: DONOFRIO, P.J., and MARKEY and OWENS, JJ.

PER CURIAM. Plaintiff appeals as of right the circuit court's order granting summary disposition in favor of defendant Fifth Third Bank in this mortgage foreclosure dispute. Because defendant was able to pursue foreclosure as a remedy for plaintiff's default on the mortgage notwithstanding its loss of the underlying promissory note, we affirm.

In August 2000, plaintiff and his now-deceased wife borrowed $63,665.32 from Old Kent Bank and granted the bank a mortgage on their home as security for the loan. In 2001, Old Kent Bank merged with defendant, and, in 2003, plaintiff's wife died. Plaintiff defaulted on the loan in September 2009, and defendant, pursuant to the power-of-sale clause contained in the mortgage, sought to foreclose on plaintiff's property by advertisement. Although plaintiff and his wife had signed a promissory note as part of the mortgage loan transaction, defendant was unable to locate the note at the time that it commenced foreclosure proceedings. Plaintiff challenged the foreclosure proceedings on the basis that defendant was unable to foreclose on the mortgage without producing the note.[1] The trial court granted summary disposition for defendant, determining that regardless of the note, upon plaintiff's default defendant was able to pursue the remedies available under the mortgage, which included foreclosure.

Plaintiff argues that defendant was not entitled to foreclose on the mortgage without showing that it acquired and had possession of the promissory note, in addition to the mortgage, after Fifth Third merged with Old Kent Bank. The trial court's decision granting summary disposition for defendant on this issue was premised on MCR 2.116(C)(10). We review de novo a trial court's decision on a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In reviewing a motion for summary disposition under subrule (C)(10), we consider "the pleadings, admissions, and other evidence submit-

---

[1] Plaintiff initially denied borrowing $63,665.32 and executing the mortgage, claiming that his signature had been forged. Thereafter, he abandoned that argument and focused on defendant's inability to produce the note.

ted by the parties in the light most favorable to the nonmoving party." *Id.* "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* We also review de novo issues involving the interpretation of statutes. *Ford Motor Co v Dep't of Treasury*, 288 Mich App 491, 494; 794 NW2d 357 (2010).

A mortgagee may foreclose on a mortgage without producing the note secured by the mortgage. *Snyder v Hemmingway*, 47 Mich 549, 553; 11 NW 381 (1882). In order to do so, however, the mortgagee must produce a valid mortgage and power of sale. *Id.* "[I]t is only under the power of sale that any steps can be taken." *Id.* The mortgagee must also give "clear proof" of the debtor's default and continuing debt obligation to the mortgagee. *Hungerford v Smith*, 34 Mich 300, 301 (1876); see also *George v Ludlow*, 66 Mich 176, 179; 33 NW 169 (1887); *Young v McKee*, 13 Mich 552, 556 (1865). This century-old case law is consistent with our current statutory law, which provides that "[e]very mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter." MCL 600.3201. Pursuant to MCL 600.3204(1),

> a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

(c) The mortgage containing the power of sale has been properly recorded.

(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Notably, the statute does not require that the mortgagee produce the underlying note in order to foreclose a mortgage by advertisement.

In the case at bar, defendant met all the requirements to foreclose by advertisement. Defendant produced a valid, recorded mortgage that contained a power-of-sale clause. The mortgage explicitly stated: "Warning. This Mortgage contains a power of sale, and, upon default, may be foreclosed by advertisement." In addition, a "default in a condition of the mortgage" occurred, and defendant established plaintiff's underlying debt and default with "clear proof." See MCL 600.3204(1)(a); *Hungerford*, 34 Mich at 301. Defendant produced documentary evidence and presented testimony establishing plaintiff's payment history, his default, and the amount outstanding on the debt. In fact, plaintiff admitted that he had stopped making payments on the debt.

Defendant also established that it owned plaintiff's debt. Defendant provided unrefuted testimony that the lost note was never transferred, assigned, or sold. By establishing its continuing ownership of plaintiff's debt, defendant eliminated the risk that plaintiff would face multiple collections on the same debt. See *George*, 66 Mich at 179. Moreover, defendant did not institute an action to recover the debt secured by the note as described in MCL 600.3204(1)(b). Accordingly, defendant is entitled to foreclose on the mortgage notwith-

standing the loss of the note, and the trial court properly granted summary disposition for defendant.[2]

Affirmed.

DONOFRIO, P.J., and MARKEY and OWENS, JJ., concurred.

---

[2] The parties' reliance on MCL 440.3309 is misplaced because that provision pertains to the enforcement of an instrument that was lost. Because defendant is proceeding on the mortgage rather than the note, MCL 440.3309 is inapplicable.