# STATE OF MICHIGAN

# COURT OF APPEALS

---

ERIN NASEEF,

        Plaintiff-Appellant,

v

WALLSIDE, INC.,

        Defendant,

and

HFS CONSTRUCTION, LLC,

        Defendant-Appellee.

UNPUBLISHED
January 19, 2017

No. 329054
Oakland Circuit Court
LC No. 2014-143534-NO

---

ERIN NASEEF,

        Plaintiff-Appellant,

v

WALLSIDE, INC.,

        Defendant-Appellee.

No. 329505
Oakland Circuit Court
LC No. 2014-143534-NO

---

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff appeals two orders of the trial court dismissing her complaints against defendants Wallside, Inc. and HFS Construction, LLC under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm in Docket No. 329505, and reverse in Docket No. 329054 and remand for proceedings consistent with this opinion.

## I. FACTS

Plaintiff alleges that her foot was injured when a window was dropped on her foot by a service technician sent to her home to install/repair a window. Plaintiff filed a complaint seeking

-1-

damages stemming from the injury which she alleged was caused by one of defendant, Wallside, Inc.'s (Wallside) employees. Wallside sought summary disposition under MCR 2.116(C)(10), arguing that the work was performed by its independent contractor, defendant HFS Construction, LLC, (HFS), and that Wallside was not responsible for any negligence committed by HFS. Wallside attached to its motion a copy of an "Installer's Agreement" between it and HFS, in which HFS agreed that it was an independent contractor. HFS further agreed that it would be solely responsible for hiring, paying, and supervising its employees and establishing their working hours, that it would provide the necessary tools, and that it would be solely responsible for any damages resulting from work done under the agreement. Wallside also provided an affidavit executed by a long-time Wallside employee, who, consistent with the above agreement, averred that HFS was an independent contractor of Wallside, that "Wallside does not provide any rules or regulations regarding HFS' work," that the "means, methods and planning of the work is left exclusively to HFS," that "Wallside does not control or direct how HFS' work should be accomplished," and that "Wallside does not provide any tools or workers to HFS."

Wallside also attached a service ticket for the work performed by HFS on plaintiff's window, which indicates that HFS was paid an amount that varied with the work involved. Wallside also provided a summary of the incident signed by Adam Dandron, who was repairing the window on behalf of HFS when the accident occurred. Dandron attested that he did not drop a window on plaintiff's foot. Rather, he maintained that the window sash, weighing between seven and ten pounds, fell from the window and landed on plaintiff's foot.

Plaintiff responded to Wallside's motion by arguing that the request for summary disposition was "absurd" because the individuals repairing her window were either Wallside's employees or its ostensible agents and because discovery had not yet been completed. The only relevant evidence plaintiff attached to her reply was a screenshot of a webpage on Wallside's website titled "Our Installation," which plaintiff contended implies that those working on Wallside windows were Wallside employees, and thus ostensible agents of the company. Plaintiff attached no affidavits to her response.

The trial court found that plaintiff failed to present any evidence to counter the evidence Wallside attached to its summary disposition motion. The trial court therefore awarded summary judgment to Wallside. However, the trial court granted plaintiff's motion to amend her complaint to add HFS as a defendant.

Plaintiff did amend her complaint, now alleging that she was injured when HFS employees or ostensible agents acted negligently in repairing her window. HFS subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(10), asking the trial court to dismiss the case because the service technician who was working on plaintiff's window when she was allegedly injured was an independent contractor of HFS, and, therefore, HFS was not liable for any negligence on his part. HFS attached to this motion a copy of Dandron's summary of the incident (mentioned above) and a copy of an agreement between HFS and Dandron in which the latter agreed to be "an independent contractor solely responsible for his or her actions and inactions." HFS also attached a signed affidavit by the employee of HFS responsible for its day-to-day operations, who averred that Dandron was an independent contractor, that he did not instruct Dandron "concerning the methods, processes, or procedures by which he was to repair

-2-

the window" at plaintiff's residence, and that he did not assign any other independent contractors to work with Dandron on plaintiff's window.

Plaintiff responded to this motion by arguing that the work performed by Dandron was no different than that performed by a traditional employee. She further argued that summary disposition was inappropriate because the parties had not yet completed discovery. Plaintiff did not provide any affidavits or other documentary evidence to counter that produced by HFS. Instead, plaintiff asserted that she was unable to produce any documentary evidence because discovery was in its early stages.

The trial court concluded that because plaintiff did not provide an affidavit or other documentary evidence to counter that produced by HFS, HFS was entitled to summary disposition pursuant to MCR 2.116(C)(10).

## II. ANALYSIS

Plaintiff challenges the court's action in both cases. This Court reviews "a grant of summary disposition de novo." *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court considers " 'the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party.' " *Sallie v Fifth Third Bank*, 297 Mich App 115, 117-118; 824 NW2d 238 (2012), quoting *Latham v Barton Malow Co*, 480 Mich 105, 111, 746 NW2d 868 (2008). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Latham*, 480 Mich at 111.

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Under this court rule, a party "may move for dismissal of or judgment on all or part of a claim," MCR 2.116(B)(1), where "[e]xcept concerning the amount of damages, there is no genuine issue concerning any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "If the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Franchino v Franchino*, 263 Mich App 172, 181; 687 NW2d 620 (2004). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 230; 731 NW2d 112 (2006).

MCR 2.116(G)(4) speaks to how the movant is to argue a (C)(10) motion, and how the nonmoving party must respond:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth

specific facts showing that there is a genuine issue for trial. If the adverse party
does not so respond, judgment, if appropriate, shall be entered against him or her.

"A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden*, 461 Mich at 121. Further, in addition to the identified affidavits, a non-moving party may also respond to a (C)(10) motion by providing "depositions, admissions, or other documentary evidence" that show that there is a genuine factual issue for the trier of fact. MCR 2.116(G)(3).

"The general rule is that an employer of an independent contractor is not liable for the contractor's negligence." *Reeves v Kmart Corp*, 229 Mich App 466, 471; 582 NW2d 841 (1998). The "control test" is used in this jurisdiction to determine whether a particular individual is an independent contractor or an employee for whom an employer is vicariously liable in negligence. See *Hoffman v JDM Assoc, Inc*, 213 Mich App 466, 468; 540 NW2d 689 (1995). "The control theory was the traditional test used at common law to delineate the master-servant relationship" and is used by our courts "to define and limit the scope of the master's liability under the doctrine of respondeat superior." *Id*. (internal quotation marks and citation omitted). Under this test, " '[a]n independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods*, and without being subject to control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.' " *Campbell*, 273 Mich App at 234, quoting *Utley v Taylor & Gaskin, Inc*, 305 Mich 561, 570; 9 NW2d 842 (1943) (emphasis by *Campbell* Court). In *Utley*, 305 Mich at 570 (internal quotation marks and citation omitted), our Supreme Court provided some guidance for determining who controls the work performed:

> Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results.

In this case, each defendants' motion for summary disposition was supported by documentary evidence. Wallside produced evidence which showed that HFS signed an agreement with Wallside under which HFS would be an independent contractor. Wallside also provided evidence that it did not control the work performed by HFS while it was in progress, did not provide employees or tools to HFS, and paid HFS at a rate which varied by the job performed. HFS produced evidence of an independent contractor agreement between Dandron and HFS, that HFS not instruct Dandron on the manner in which he was to complete the job, and that HFS did not send additional employees to assist Dandron.

The only relevant evidence plaintiff attached to her response to Wallside's motion for summary disposition was a printout from Wallside's website, which plaintiff claims shows that Wallside held out its contractors as its employees, therefore making these contractors its ostensible agents. "An agency is ostensible when the principal intentionally or by want of

ordinary care, causes a third person to believe another to be his agent who is not really employed by him." *Grewe v Mt Clemens Gen Hosp*, 404 Mich 240, 252; 273 NW2d 429 (1978) (internal quotation marks and citation omitted). To prove that a contractor is the ostensible agent of the principle, plaintiff must prove three things:

> (First) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; (second) such belief must be generated by some act or neglect of the principal sought to be charged; (third) and the third person relying on the agent's apparent authority must not be guilty of negligence. [*Id.* at 253 (internal quotation marks and citation omitted).]

The first line of the text of the screenshot states, "Wallside installers install windows . . . . [T]he professionals who bring your new Wallside Windows will have installed hundreds or thousands before." Thus, right away the webpage limits the scope of the work done by Wallside employees to installation of new windows. Wallside repeatedly used the word "we" on the webpage, but only when referring to the installation process. Wallside stated that "we" will phone before coming out for the install, "we" will measure the window openings and set out the windows before starting installation, and "we" will complete the installation, typically, in one day. Accordingly, only installers—not repair people—fall into the category "we." The screenshot also lays out the way the window will be installed and tasks attendant to that installation.

Thus, while the screenshot makes clear that Wallside employees would perform the installation of a customer's new windows, it does not imply the same with respect to window repair. Indeed, the word "repair" is not found anywhere on the webpage. Wallside does warrant to "stand[] behind your window for 35 years," but it does not explain how any problems covered under this warranty will be addressed, including who will attend to them. Therefore, the trial court properly dismissed plaintiff's complaint against Wallside under MCR 2.116(C)(10).

Regarding HFS's motion for summary disposition, plaintiff failed to provide an affidavit or other documentary evidence, save for attaching copies of the evidence HFS used to indicate that Dandron was its independent contractor. However, plaintiff also argued below (and argues on appeal) that summary disposition was premature because discovery had yet to be completed. In *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292-293; 769 NW2d 234 (2009), this Court addressed the issue of incomplete discovery in the context of a summary disposition motion:

> Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete. However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate. The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position. In addition, a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. The party opposing summary disposition must offer the

required MCR 2.116(H) affidavits, with the probable testimony to support its contentions.  [Citations omitted.]

Plaintiff indicated that the deposition of HFS Construction's owner had just occurred, and while a transcript was not yet available, the testimony tended to indicate that Dandron was an employee, despite his designation as an independent contractor. Moreover, Dandron had failed to appear for his deposition and that had yet to occur. The above being true, dismissal of plaintiff's case against HFS Construction was premature.

Affirmed in Docket No. 329505; reversed in Docket No. 329054 and remanded for proceedings consistent with this opinion.  This Court does not retain jurisdiction.  Wallside, being a prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto